UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

VS.                                          CASE NO: 2:09-cr-20-FtM-29SPC

ROBERT EDWARD HARPER
_____

**OPINION AND ORDER**

Before the Court is the defendant's Motion to Modify/Reduce Sentence Under 18 U.S.C. §3582(c)(2) and the United States Sentencing Commission 2-Level Distribution Amendment (Doc.# 62) filed on December 1, 2016. By unsigned motion, defendant seeks a reduction in sentence by removal of a two level enhancement applied to his case under § 2G. 2(b)(3)(F) of U.S. Sentencing Guidelines Manual.

On April 1, 2009, a grand jury in Fort Myers returned an Indictment (Doc. #1) charging defendant with knowingly possessing child pornography, and with two counts of receiving child pornography. Defendant entered a plea of guilty as to all counts, and the plea was accepted. (Docs. ## 21, 23.) On November 9, 2009, defendant was sentenced to a term of 120 months of imprisonment followed by a term of supervised release for life. (Doc. #30.) Judgment (Doc. #32) was entered on November 13, 2009, and an Amended Judgment (Doc. #37) was entered on November 30, 2009, to amend a condition of supervised release to allow supervised visitations with defendant's own children. On March

31, 2010, a Correct Judgment (Doc. #53) was issued to correct the model and serial number of a forfeited computer.

In the instant motion, defendant references the objection made at sentencing and raised on direct appeal regarding a two-level enhancement for distribution of child pornography under United States Sentencing Guidelines Manual § 2G2.2(b)(3)(F) (Nov. 2009) and the argument for a corresponding two-level reduction under § 2G2.2(b)(1). As the Eleventh Circuit noted, the objection was overruled at sentencing because the Application Notes to § 2G2.2 define distribution as including possession with intent to distribute and defendant knew others could access the files received through Limewire. The district court calculated the guideline range and considered the factors set forth in 18 U.S.C. § 3553(a) in concluding that the applicable guideline range of 168 to 210 months of imprisonment was too harsh. As a result, defendant was sentenced to 120 months on each count, to be served concurrently. (Doc. #61.)

On appeal, the Eleventh Circuit found that the undersigned had sufficiently expressed that the 120 month sentence was not based on a guideline calculation, and that the sentence fell "squarely" within the guideline range proposed by defendant if his offense level were decreased from 34 to 30, and that even assuming error, the error was harmless. (Doc. #61, p. 15.) Both the sentence and conviction were affirmed on December 23, 2010.

Under Section 3582(c), the Court may not modify a term of imprisonment once it has been imposed, except (1) upon motion of the Director of the Bureau of Prisons under certain conditions, (2) as permitted under Fed. R. Crim. P. 35, and (3) when a term of imprisonment has subsequently been lowered by the Sentencing Commission.  18 U.S.C. § 3582(c).  As none of these exceptions apply, the Court is without jurisdiction to grant the relief sought by defendant.  The motion will be dismissed for lack of jurisdiction.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

Defendant's Motion to Modify/Reduce Sentence Under 18 U.S.C. §3582(c)(2) and the United States Sentencing Commission 2-Level Distribution Amendment is **DISMISSED** for lack of jurisdiction.

**DONE and ORDERED** at Fort Myers, Florida, this __6th__ day of December, 2016.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:

AUSA
Counsel of record
U.S. Probation
U.S. Marshal
DCCD